## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| LEIGHTON TECHNOLOGIES LLC.,<br><br>        Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>        Defendant. | No. 10-0003C<br><br>Judge Christine O.C. Miller |

### MOTION TO NOTICE INTERESTED THIRD PARTIES PURSUANT TO RULE 14

Pursuant to the provisions of RCFC 14(b)(2) and 41 U.S.C. § 114(b), defendant, the United States (the Government), moves this Court to issue a notice to HP Enterprise Services (formerly Electronic Data Systems Corporation) and Oberthur Card Systems to appear, if they so desire, as parties and assert whatever interest they may have in this action:

    HP Enterprise Services
    Attn: Paul Roeder, Esq.
    HP Legal Department
    3000 Hanover Street
    Palo Alto, California 94304

    Oberthur Technologies
    Attn:  Timothy Feely
    4250 Pleasant Valley Road
    Chantilly, Virginia 20151

Defendant has contacted plaintiff regarding this motion, and plaintiff may wish to respond.

### Statement in Support of Motion

In this lawsuit, plaintiff seeks compensation for the alleged unauthorized use or manufacture by or for the United States of smart cards used by numerous Government agencies. (Ex. A, Compl. at ¶ 4, 8).  Plaintiff claims these cards infringe claims of four patents owned by

plaintiff Leighton Technologies, LLC. (Compl. at ¶¶ 5-7). All of the parties to be noticed are listed in plaintiff's complaint and are either GSA approved suppliers of smart cards (Compl. at ¶11) or are known contractors that provide smart card services and procure smart cards on behalf of the Government.

All smart cards sold to or procured on behalf of the Government under the GSA schedule are subject to the Information Technology Schedule 70 Solicitation. The Schedule 70 Solicitation contains the terms and conditions applicable to the procurement of smart cards through the GSA schedule. (Ex. B, Excerpt of Regulations Incorporated by Reference). Incorporated by reference in the Schedule 70 Solicitation is Federal Acquisition Regulation (FAR) Clause 52.212-4(h) which states:

> *Patent indemnity*. The Contractor shall indemnify the Government and its officers, employees and agents against liability, including costs, for actual or alleged direct or contributory infringement of, or inducement to infringe, any United States or foreign patent, trademark or copyright, arising out of the performance of this contract, provided the Contractor is reasonably notified of such claims and proceedings.

(Ex. B, pgs 16 and 24). By signing a Schedule 70 contract, each of the contractors listed above agreed to all the terms set out or incorporated by reference in the Schedule 70 Solicitation. Based upon the patent indemnity clause in the Schedule 70 contract, the companies listed above may have an interest in this action within the meaning of RCFC 14(a)(2) because a judgment against the Government might obligate the company to indemnify the government under the Schedule 70 contract.

The issuance of the requested notice for each of the above-listed companies conforms to the established practice of the United States Court of Federal Claims, as exemplified by *Rockwell International Corp. v. United States,* 31 Fed. Cl. 536 (1994); *Myrtle Beach Pipeline Co. v.*

*United States*, 6 Cl. Ct. 363 (1984); *Carrier Corp. v. United States*, 534 F.2d 250 (Ct. Cl. 1976); and *Bowser, Inc. v. United States,* 420 F.2d 1057 (Ct. Cl. 1970).

Conclusion

For the reasons stated above, defendant respectfully requests that this motion be granted and the requested notice be issued.

                                                Respectfully submitted,

                                                TONY WEST
Assistant Attorney General

JOHN FARGO
Director

  s/*Trevor M. Jefferson*
TREVOR M. JEFFERSON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Phone: (202) 307-0333
Dated: April 9, 2010                          Facsimile: (202) 207-0345